UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISS ROSE ANN FERNANDEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN MR. GARETA, ET AL.,<br><br>　　　　　Respondents. | No. EDCV 13-93 SJO (FFM)<br><br>ORDER RE SUMMARY<br>DISMISSAL OF ACTION |

　　　　On January 15, 2013, petitioner filed what is captioned a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").

　　　　As best the Court can glean from the face of the Petition, petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's claims are directed to conditions of confinement allegedly experienced by petitioner at California Institution for Women, in Corona, California ("CIW"). Petitioner appears to be contending that the officials at CIW have failed to protect her, assaulted her, prevented her from reporting sexual harassment, verbally abused her and were responsible for a "fraudulent issue of felony."

　　　　The Writ of Habeas Corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). "A civil rights action,

1  in contrast, is the proper method of challenging 'conditions of . . . confinement.'"
2  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*,
3  411 U.S. at 498-99); *see also Young v. Kenny*, 907 F.2d 874, 875 n.1 (1990).
4  Petitioner's claims as presently alleged do not implicate the legality or duration of
5  confinement, but rather concern the conditions of confinement.

6       The Court does have discretion to construe petitioner's habeas petition as a
7  civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971);
8  *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974). *But cf.* 42 U.S.C. § 1997e
9  (a) (requiring prisoners to exhaust administrative remedies before filing action
10 with respect to prison conditions). In this instance, however, the Court chooses
11 not to exercise such discretion, because it is not clear that petitioner has exhausted
12 her administrative remedies.

13      Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United
14 States District Court, it is therefore ordered that this action be dismissed without
15 prejudice.

17 DATED: January 24, 2013.

                                             _____
                                             S. JAMES OTERO
                                           United States District Judge

20 Presented by:

22 /S/ FREDERICK F. MUMM
   FREDERICK F. MUMM
23 United States Magistrate Judge